Carolyn Hunt Cottrell (SBN 166977)
Robert E. Morelli (Tenn. BPR No. 037004)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone:   (415) 421-7100
Facsimile:   (415) 421-7105
Email: ccottrell@schneiderwallace.com
          rmorelli@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Classes
and Collective*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| TINA ESTRADA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> TWOMAGNETS, INC D/B/A CLIPBOARD HEALTH, <br><br> Defendant. | ) Case No.  5:24-CV-00194 <br> ) <br> ) CLASS AND COLLECTIVE <br> ) ACTION COMPLAINT <br> ) <br> ) (1) Failure to Pay Overtime <br> )    Pursuant to 29 U.S.C. §§ <br> )    201, *et seq*; <br> ) (2) Failure to Pay Overtime in <br> )    violation of ORS § 653.261 <br> )    and OAR 839-020-0030; <br> )    and <br> ) (3) Final Pay Penalties in <br> )    violation of ORS § 652.140 <br> ) <br> )    JURY TRIAL DEMANDED <br> ) |

# **INTRODUCTION**

1. This is a class and collective action lawsuit against Twomagnets, Inc. d/b/a Clipboard Health ("Clipboard") to challenge, among other things, its policy and practice of unlawfully misclassifying its non-exempt hourly certified nursing assistants ("CNAs") as independent contractors exempt from the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and Oregon wage and hour laws. As a result of its unlawful misclassification policy and practice, Clipboard (1) fails to compensate for all hours worked pursuant to the Oregon Labor Code ORS § 653.261, OAR 839-020-0030, and the FLSA, 29 U.S.C. §§ 201, *et. seq.*;; and (2) fails to pay for waiting time penalties pursuant to the Oregon Labor Code ORS § 652.140;

2. Plaintiff Tina Estrada (hereinafter "Plaintiff") and the members of the proposed Classes and Collective are current and former CNAs employed by Clipboard. CNAs for Clipboard are responsible for safely caring and assisting the patients of Clipboard with their daily needs, such as showering, grooming, and other similar patient care tasks.

3. Clipboard contracts with various medical institutions to employ individuals such as Ms. Estrada, as CNAs.

4. Clipboard and the various medical institutions they contract with jointly employ Plaintiff and putative Class and Collective members because they each retain and/or exercise the ability to (a) hires or fires the employees; (2) supervise and control

the employees' work schedules or conditions of employment to a substantial degree; (3) determine the employees' rate and method of payment; and (4) maintain the employees' employment records.[1]

5. Despite classifying CNAs as "independent contractors," Clipboard treats Plaintiff and CNAs as employees. Clipboard effectively bars CNAs from engaging in business with anyone other than Clipboard, thereby making them financially dependent on Clipboard. Additionally, Clipboard (and the yet named healthcare institutions) exercises significant control over, among other things, the way that CNAs performed their job duties, the tools and equipment CNAs are required to use to perform their job duties, CNAs' rate of pay, and CNAs' ability to work for any other businesses. Clipboard fixes the compensation paid to CNAs. Finally, CNAs perform duties consistent with Clipboard's central business. CNAs care for patients needs on behalf of Clipboard and many CNAs work full-time for Clipboard for many years.

6. Clipboard also treats Plaintiffs and putative Class and Collective members as employees in other ways, for example, CNAs are required to work under the control of Clipboard for the duration of their scheduled shift. CNAs are expected to perform client care that adheres to Clipboard's policies and procedures. Thus,

---

[1] After discovery and/or conditional certification, Plaintiff intends to move to amend the Complaint to add these various healthcare entities as named Defendants. The identities of these entities are presently indiscernible.

Clipboard controls the extent of care provided by CNAs to clients and how CNAs care for their patients. Additionally, Clipboard uses a point system to track employe attendance. Clipboard applies the same attendance policies to CNAs. All employees have an initial 100 points. Employees will earn points as they work a scheduled shift but lose points if they are unable to work a scheduled shift. CNAs who are unable to work a scheduled shift are reprimanded by Clipboard. For example, if a CNAs points drop to zero (0), that employee is suspended and taken off the schedule for seven (7) days.

7.      Plaintiff and putative Class and Collective members regularly work between ten (10) and twelve (12) hours per day and sometimes more, totaling over forty (40) hours per week.

8.      Ms. Estrada, for example, would regularly work over 40-hours per week in a five (5) day work week but was not paid overtime wages for all hours she worked over forty (40) in weeks throughout her employment with Defendant. Ms. Estrada would often work up to 50 to 80 hours per week, and any hours past 40 would be paid at her regular rate of pay.

9.      In addition, Clipboard fails to maintain records showing all hours worked by Plaintiff and putative Class and Collective members.

10.     Plaintiff and putative Class and Collective members do not receive accurate, itemized wage statements reflecting the hours they work and the amount of wages they are entitled to and for which they should be compensated.  Nor are

Plaintiff and putative Class and Collective members paid all amounts owed following voluntary or involuntary termination of employment.  For example, wage statements provided to CNAs does not reflect the overtime rate at which CNAs should be paid for working over 40-hours per week.

11.   Because of these violations, Plaintiff seeks compensation, damages, penalties, and interest to the full extent permitted by the FLSA, and Oregon labor laws.

12.   Plaintiff also seeks declaratory, equitable, and injunctive relief as provided by law.

13.   Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA and the ORS.

## JURISDICTION AND VENUE

14.   This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Defendant is a Delaware limited liability company with its principal place of business in California. The plaintiff is a resident of White City, Oregon.  The amount in controversy also exceeds $75,000.

15.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendant's principal place of business is in this district and, upon information and belief, made the decision to classify Plaintiff and putative Class and Collective members as independent contractors in this District. A substantial part of the events or omissions giving rise to Plaintiff's claims thus occurred in this judicial district.

**CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**
*Tina Estrada v. Twomagnets, Inc. d/b/a Clipboard Health*

1

## INTRADISTRICT ASSIGNMENT

2      16.    Assignment to the Los Angeles Division is appropriate because a

3 substantial part of the events or omissions giving rise to Plaintiff's claims occurred

4 in the City and County of Los Angeles.

5      17.    Defendant is a Delaware limited liability corporation with its principal

6 place of business in Covina, California. Defendant is registered as a foreign business

7 entity with the California Secretary of State and does business in the State of

8 California. On information and belief, Defendant is a healthcare staffing agency that

9 places healthcare professionals at medical facilities across the country.

10

## PARTIES

11      18.    The plaintiff is a resident of the State of Oregon.  Plaintiff's employment

12 as a CNA for Clipboard began in approximately September 2022.  At all relevant

13 times, Clipboard misclassifies Plaintiff as an independent contractor when she is in

14 fact a non-exempt employee.  Specifically, Plaintiff regularly engages in Clipboard's

15 business in various locations including but not limited to, Salem, Roseburg, Eugene,

16 Woodburn, and Keizer.

17      19.    Plaintiff is informed, believes, and thereon alleges that Defendant

18 Twomagnets, Inc. doing business as Clipboard Health is a Delaware corporation with

19 its principal place of business in Covina, California.  During the relevant time period,

20 Clipboard was, and still is, regularly engaged in business throughout the United

21 States, including significant business in the State of California.  Clipboard's primary

5

**CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**
*Tina Estrada v. Twomagnets, Inc. d/b/a Clipboard Health*

business consists of staffing healthcare professionals for medical facilities across the country.  Plaintiff is further informed, believes, and thereon alleges that Clipboard employs CNAs across the country, including throughout California.

20.    Plaintiff is informed, believes, and thereon alleges that Clipboard owns and/or leases property relating to its operations in California and Oregon.  Plaintiff is further informed, believes, and thereon alleges that Clipboard, from California, knowingly contracts with residents from the states across the nation to perform its patient care business in the State of California and other states.  Clipboard uses its California and Oregon-based CNAs (such as Plaintiff) to assist its patients at locations in the State of California and State of Oregon, and does the same in the other states in which it operates. Plaintiff is further informed, believes, and thereon alleges that Clipboard expressly instructs its CNAs to assist patients with grooming, dressing, and providing medical care in the State of California, the State of Oregon, and all other states in which it operates.

## **FACTUAL ALLEGATIONS**

21.    At all relevant times, Clipboard was Plaintiff's "employer" within the meaning of the FLSA, California, and Oregon law.

22.    Throughout the time period beginning four years prior to the filing of this lawsuit, through the present, Clipboard employs numerous CNAs and contracts with numerous medical clients around the country to provide patient care staffing services.

/ / /

23.    Plaintiff Estrada has been employed by Clipboard since approximately September 2022.   Plaintiff works as a Certified Nursing Assistant or "CNA" in Oregon. As a CNA, Plaintiff is responsible for assisting patients daily living activities, following the plan of care for providing hygiene and oral care, assisting patients with dressing and grooming according to their needs, taking and recording temperature, pulse, respiration and blood pressure; and maintaining patients rooms in a clean and orderly manner.

24.    Clipboard requires prospective CNAs, including Plaintiff, to undergo a physical examination and to submit to drug and alcohol testing.  CNAs must agree to continue to submit to drug and alcohol testing throughout their employment.

25.    Clipboard requires its CNAs, including Plaintiff, to sign lengthy form contracts which mischaracterize each CNA as an "independent contractor."   The contracts are designed to conceal the fact that Clipboard and its CNAs are in an employer-employee relationship.  Clipboard requires CNAs, including Plaintiff, to sign these contracts of adhesion without negotiation as a condition of employment.

26.    CNAs, including Plaintiff, provide daily patient care on behalf of Clipboard to its clients.

27.    CNAs, including Plaintiff, receive work assignments from Clipboard on their personal phone. CNAs who provide care on behalf of Clipboard are not allowed to decline scheduled care to a client of Clipboard.

/ / /

28.     Further, CNAs including Plaintiff, are required to download the Clipboard application onto their personal devices for them to clock in/out at the beginning and of their shift with Clipboard. CNAs are assigned 100 points as part of Clipboard's attendance point system. Plaintiff would earn five (5) points for every shift worked, and CNAs would also have points deducted canceling or declining a shift. If a CNA's account reached zero (0) points, they face suspension for seven (7) days.

29.     CNAs, including Plaintiff, for Clipboard are paid an hourly rate that is determined depending on the facility.  This rate is determined by Clipboard.  This rate is non-negotiable.

30.     Clipboard exercises significant behavioral and financial control over CNAs, including Plaintiff, establishing that they are in fact employees.  Specifically, this control includes the following:  CNAs are required to install the Clipboard application on their personal phone in order to accept Clipboard work assignments; CNAs are expected to complete assignments in the time specified and determined by Clipboard; CNAs are required to check in with Clipboard supervisors during the course of their daily shift; CNAs are required to comply with Clipboard policies, procedures and practices or suffer penalties for non-compliance; and CNAs are required to prepare and submit required documentation in accordance with Clipboards policies and procedures.

/ / /

31.   Clipboard has the authority to terminate CNAs, including Plaintiff, including for failing to abide by Clipboard's policies and practices.

32.   CNAs, including Plaintiff, are typically assigned to work at facilities designed by Clipboard and to attend to Clipboard patients. Clipboard does not allow CNAs to exchange assignments amongst themselves or to subcontract their services to another person or entity without approval from Clipboard.

33.   Clipboard misrepresents CNAs, including Plaintiff, that they will be and are treated as independent contractors.

34.   Clipboard's unlawful conduct has been widespread, repeated, and consistent throughout its operations in California and the United States.  Clipboard knew or should have known that its policies and practices have been unlawful and unfair.

35.   Clipboard's conduct is willful, carried out in bad faith, and caused significant damages to its employees in an amount to be determined at trial.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

36.   Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) as to claims for minimum wage violations, liquidated damages, and attorneys' fees and costs under the FLSA.  The FLSA Collective that Plaintiff seeks to represent is defined as follows:

All current and former CNAs who were hired and/or contracted by Twomagnets, Inc. d/b/a Clipboard Health to

provide patient care services and worked at least forty (40) hours in at least one (1) workweek within the United States at any time during the period beginning three years prior to the filing of this Complaint, and continuing through the present.

37.  Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA, because Plaintiff's FLSA claims are similar to the claims of the Collective members.

38.  The Collective members are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that misclassifies them as exempt independent contractors, and thus requires them to perform work without compensation in violation of the FLSA.

39.  Plaintiff is representative of the Collective members and is acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this action.

40.  Plaintiff will fairly and adequately represent and protect the interests of Collective members.  Plaintiff has retained counsel competent and experienced in employment class action and collective action litigation.

41.  The similarly situated Collective members are known to Clipboard, are readily identifiable, and may be located through Clipboard's records.  These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating

1   their claims for unpaid wages, liquidated damages (or, alternatively, interest), and

2   attorneys' fees and costs under the FLSA.

3           **CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23**

4       42.   Plaintiff seeks to maintain her Oregon state law claims as a class action

5   pursuant to Rule 23 of the Federal Rules of Civil Procedure. In particular, Plaintiff

6   seeks to certify the following Rule 23 Class (the "Class"):

7           All current and former CNAs who were hired and/or

8           contracted by Clipboard to provide patient care services in

9           the State of Oregon at any time during the period beginning

10          two prior to the filing of this action and continuing through

11          the present.

12

13          All current and former CNAs employees who were hired

14          and/or contracted by Clipboard and worked for Defendants

15          for at least 1week for more than 40 hours anywhere

16          throughout Oregon at any time during the time period

17          starting two years prior to the filing of this Complaint until

18          the resolution of this action (the "Overtime Class").

19       43.   Plaintiff reserves the right to establish additional subclasses as

20   appropriate.

21   */ / /*

44.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the Classes are easily ascertainable.

45.    Numerosity:  The potential Members of these classes are so numerous that joinder of all the Members of the Classes is impracticable. Plaintiff is informed and believe that the number of Class Members exceeds 1000. This volume makes bringing the claims of each individual member of the Class before this Court impracticable. Likewise, joining each individual member of these Classes as a plaintiff in this action is impracticable. Furthermore, the identities of the Classes will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Classes and Defendant.

46.    Commonality:  There are questions of law and fact common to Plaintiff and the Classes that predominate over any questions affecting only individual members of these Classes.  Examples of these common questions of law and fact include, without limitation:

> a.  Whether Clipboard willfully misclassifies members of the Classes as independent contractors, in violation of Oregon law;
>
> b.  Whether Clipboard fails to compensate members of the Classes for all hours worked, including overtime and/or double time compensation, in violation of ORS § 653.261 and OAR 839-020-0030;

c. Whether Clipboard failed to pay all earned wages at the time of discharge or termination to members of the Classes in violation of ORS § 652.140;

d. The proper formula for calculating restitution, damages and penalties owed to members of the Classes as alleged herein.

47. Typicality:  Plaintiff's claims are typical of the claims of the Classes. Clipboard's common course of unlawful conduct as alleged herein has caused Plaintiff and members of the Classes to sustain the same or similar injuries and damages.  Plaintiff's allegations – both legal and factual – are thereby representative of and co-extensive with the claims of the Classes.

48. Adequacy:  Plaintiff does not have any conflicts of interest with members of the Classes she seeks to represent, and Plaintiff will prosecute this case vigorously on behalf of the proposed Classes.  Plaintiff's Counsel are competent and experienced in litigating wage and hour and complex commercial class actions.  Plaintiff will fairly and adequately represent and protect the interests of the Classes she seeks to represent.

49. Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class members is not practicable, and questions of law and fact common to these Classes predominate over any questions affecting only individual members of the Classes. Each Classes' member has been damaged and is entitled to recovery by

reason of Clipboard's illegal policy and practice of misclassifying its CNAs as independent contractors, exempt from prevailing state wage and hour laws, and its other violations of law stated in this complaint.  Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

50.   Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## **FIRST CAUSE OF ACTION**
**Failure to Pay Overtime**
**Pursuant to 29 U.S.C. §§ 201, et seq.**
**(On Behalf of Collective)**

51.   Plaintiff realleges and incorporate the foregoing paragraphs as though fully set forth herein.

52.   The FLSA requires that covered employees receive overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206(a)(1), 207(a)(1).

53.   At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

54.   Defendant is a covered employer required to comply with the FLSA's mandates because it has more than two employees and  has an annual dollar volume of sales or business done of at least $500,000.

55.     Defendant violated the FLSA with respect to Plaintiff and the Collective, by failing to pay the legally mandated overtime premium for all hours worked over 40 hours per week. Defendant also failed to keep accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c), thereby allowing Plaintiff and putative Collective members to prove their claims through their testimony and reasonable recollection of hours worked.

56.     Plaintiff and the Collective are victims of a uniform and company-wide misclassification scheme and compensation policy that has been applied to current and former non-exempt employees of Defendant, working throughout the United States.

57.     Plaintiff and the Collective are entitled to damages equal to the mandated pay, including overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

58.     Defendant acts neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

/ / /

59.     Overtime pay has been unlawfully withheld by Defendant from Plaintiff and the Collective as a result of Defendant's violations of the FLSA.  Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

60.     Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime
### Violation of ORS § 653.261 and OAR 839-020-0030
### (On Behalf of the Class)

61.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

62.     Pursuant to ORS § 653.261, Defendant is required to pay Plaintiff and Class Members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, when those wages were due, but willfully failed to do so.

63.     Plaintiff and Class Members are also entitled to declaratory relief stating Defendant violated the statute, and continue to violate the statute, by incorporating and continuing to utilize the policy as described above, during weeks in which Plaintiff and Class Members work(ed) at least 40 hours.

64.     Clipboard knows that CNAs are improperly classified and that they work well over 40 hours per week, but intentionally and willfully fails to provide overtime

**CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**
*Tina Estrada v. Twomagnets, Inc. d/b/a Clipboard Health*

1  premium pay.

2      65.    Plaintiff and Class Members who are within the applicable statute of

3  limitations are entitled to collect the difference between wages received then due and

4  the overtime wages due in an amount to be proven at trial, together with attorney fees,

5  costs and disbursements, as well as pre- and post-judgment interest at the rate of 9%

6  per annum. *See* ORS § 652.200; ORS § 82.010.

7                        **THIRD CAUSE OF ACTION**
                          **Final Pay Penalties**
8                       **Violation of ORS § 652.140**
                          **(On Behalf of the Class)**

9      66.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though

10  fully set    forth herein.

11      67.    ORS § 652.140 requires that, "[w]hen an employer discharges an

12  employee or when employment is terminated by mutual agreement, all wages earned

13  and unpaid at the time of the discharge or termination become due and payable not

14  later than the end of the first business day after the discharge or termination." *See*

15  ORS § 652.140(1).

16      68.    ORS § 652.140 further requires that individuals who provide at least 48

17  hours' notice of an intent to quit must immediately be paid all wages earned and

18  unpaid at the time their resignation becomes effective.  If the employee quits with

19  less than 48 hours' notice, the employer must pay all wages earned and unpaid within

20  five days."

21      69.    ORS § 652.150 states that, "if an employer willfully fails to pay any

wages or compensation of any employee whose employment ceases, as provided in ORS § 652.140 . . . , then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced. *See* ORS § 652.150(1). Penalty wages are not to continue for more than 30 days from the due date. *See* ORS § 652.150(1)(a).

70.   Pursuant to ORS § 12.080, a six-year statute of limitations is applied for liability of unpaid regular wages. *See, e.g., Makaneole v. Solarworld Indus. Am., Inc.*, No. 3:14-CV-1528-PK, 2016 WL 7856433, at *13 (D. Or. Sept. 2, 2016), *report and recommendation adopted*, No. 3:14-CV-01528-PK, 2017 WL 253983 (D. Or. Jan. 17, 2017) ("As to [plaintiff's claims] for unpaid regular wages, that claim is subject to a six-year statute of limitations[.]") (citing ORS § 12.080(1)).

71.   As described above, Defendant enacted a policy that deprives Plaintiff and Class Members compensation for all hours worked. As a result, Defendant failed to pay Plaintiff and Class Members all wages due and owing after separation from employment in violation of ORS § 652.140.

72.   In failing to pay all wages due upon separation of employment, Defendant knew that Plaintiff and Class Members had ended and possessed information regarding the hours worked and amount of wages due Plaintiff and Class Members at the date of termination. Defendant was capable of paying all wages earned and due at termination.

73.     Defendant's failure to make payment of Plaintiff's and Class Members' final wages when due was willful and continued for not less than 30 days.

74.     Because of Defendant's failure to pay Plaintiff's and Class Members' wages within the time required by law, Plaintiff and Class Members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS § 652.200.

75.     Plaintiff and Class Members seek statutory wages pursuant to ORS § 652.150; plus costs, disbursements and attorney fees pursuant to ORS § 652.200; plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS § 82.010.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a)  An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

b)  An order finding that Clipboard violated the FLSA;

c)  An order finding that Clipboard violated the FLSA willfully;

d)  All unpaid wages due under the FLSA;

e)  An equal amount as liquidated damages as allowed under the FLSA;

f)  An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

g) Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by Oregon labor laws;

h) For a declaratory judgment that Clipboard has violated Oregon Revised Statutes and public policy as alleged herein;

i) For preliminary, permanent, and mandatory injunctive relief prohibiting Clipboard, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

j) For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

k) For an order awarding Plaintiff and the Class and Collective members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money and other valuable consideration paid, actual damages, punitive damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts, according to proof;

l) All statutory penalty wages due under Oregon law;

m) All actual damages or civil penalties of $200 per violation, whichever is greater, due under ORS 652.610;

n) Pre- and post-judgment interest in the amount of 9% per annum as provided by Oregon law;

o) For an award of reasonable attorneys' fees as provided by the FLSA, the

1    Oregon Revised Statutes, and/or other applicable law;

2    p)  For all costs of suit;

3    q)  For interest on any damages and/or penalties awarded, as provided by

4        applicable law; and

5    r)  For such other and further relief as this Court deems just and proper.

6    Dated: January 30, 2024            Respectfully submitted,

7                                        */s/ Carolyn Hunt Cottrell*
                                         Carolyn Hunt Cottrell
8                                        Robert E. Morelli, III*
                                         SCHNEIDER WALLACE
9                                        COTTRELL KONECKY LLP
                                         2000 Powell Street, Suite 1400
10                                       Emeryville, California 94608
                                         Tel: (415) 421-7100; Fax: (415) 421-7105
11
                                         *Attorneys for Plaintiff and the Putative Classes*
12                                       *and Collective*

13                                       *Admission pro hac vice anticipated*

14

15

16

17

18

19

20

21

**CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND**
*Tina Estrada v. Twomagnets, Inc. d/b/a Clipboard Health*

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: January 30, 2024

Respectfully submitted,

*/s/ Carolyn Hunt Cottrell*

Carolyn Hunt Cottrell
Robert E. Morelli, III*
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105

*Attorneys for Plaintiff and the Putative Classes and Collective*

*\* Admission pro hac vice anticipated*